IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| W. HOWARD MYERS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 3:16CV352 |
| | ) |
| VIRGINIA SUPPORTIVE HOUSING | ) |
| **SERVE:** Peter A. Gambardella, Esq. | ) |
| Spotts Fain PC | ) |
| 411 E. Franklin St., Suite 600 | ) |
| Richmond, VA 23219 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff W. Howard Myers, by counsel, states as follows as his Complaint against defendant Virginia Supportive Housing ("VSH" or "Defendant").

### NATURE OF ACTION

1. This is a wrongful termination action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and 42 U.S.C. § 1981 ("Section 1981"). In particular, as more fully explained herein, VSH wrongfully terminated Myers because of his race, color, sex, and age.

### JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court herein by 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

1

3. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, and Local Rule 3(B)(4), as this is the district and division where a substantial part of the events or omissions giving rise to the claim occurred.

4. All conditions precedent to the filing of this action have been met by Plaintiff, in that he has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has filed this action within 90 days of receiving a right-to-sue letter, dated March 9, 2016, from the EEOC.

## PARTIES

5. Myers is an individual resident of Petersburg, Virginia. He is currently fifty-six years (54) years old. He was fifty-four (54) years old at the time of his termination by VSH.

6. Defendant is a business located at 5008 Monument Ave., Richmond, VA 23226. It employs more than 20 employees and, for purposes of this action, is and was Myers's employer within the contemplation of Title VII, the ADEA, and Section 1981.

## FACTS

7. At all relevant times prior to May 9, 2014, Myers was employed by VSH.

8. On May 9, 2014, however, with no prior notice, Myers was terminated from my position at VSH based on allegations that, among other things, (i) he was disengaged in meetings; (ii) his paperwork was incomplete; (iii) odd statements about his appearance at a private office-based meeting; and (iv) accusations that he wrongfully left a meeting early.

9. These allegations are false and pretextual. Myers was not disengaged in meetings, his paperwork was not complete, and he did not leave a meeting early.

10. In truth, Myers was fired because he was an older black African-American male. Abundant evidence supports this charge.

11. First, the white female leadership of VSH complained about Myers wearing a "hoody and jeans" even though other people at the meeting were wearing jeans. This complaint was not merely about wearing casual clothing but, instead, was about Myers wearing a hoody and, essentially, looking too "black." Indeed, singling out Myers' wearing of the "hoody" was code by the leadership that they viewed African-Americans negatively.

12. Second, the while female leadership applied a double-standard when it came to the completeness and competency for Myer's filings and for his paperwork. Specifically, Myers was held to a higher standard than that used for judging the conduct of younger white females.

13. Third, VSH displayed a strong bias against anti-African American males with its repeated (and unfounded) criticisms of a former black supervisor of VSH, who abruptly left VSH after enduring problems with VSH leadership.

14. Following his termination, Myers timely filed a charge with the EEOC, which, in turn, issued a right-to-sue letter.

15. This lawsuit followed.

## COUNT I:
## TITLE VII DISCRIMINATION CLAIM

16. The allegations of paragraphs 1-15 are realleged as if fully set forth herein.

17. By virtue of his color, race, and gender, Myers is entitled to Title VII's protection against discrimination because his is a black, African-American male.

18. Under Title VII, it is unlawful for an employer "to fail or refuse to hire *or to discharge* any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of" his gender, color, or race.

19. As is clear from the allegations stated herein, Myers was terminated because of his gender, color, and race.

20. As a direct result of the VSH's discrimination, Myers has been caused to suffer the loss of potential occupational opportunities. Additionally, Myers has been caused to suffer personal injury, anxiety, emotional distress, personal and professional humiliation and embarrassment as a result of the VSH's actions.

21. Further, VSH's actions constitute gross, wanton, malicious, reckless, and/or intentional violations of Myers's rights, thus entitling him to punitive damages.

## COUNT II:
## AGE DISCRIMINATION CLAIM

22. The allegations of paragraphs 1-21 are realleged as if fully set forth herein.

23. The ADEA prohibits discrimination against employees on the basis of their age.

24. Myers is a covered employee under the ADEA because he was over 40 years

of age at the time of the discriminatory actions described herein.

25. Here, VSH discriminated against Myers in violation of the ADEA because it treated him less favorably than younger employees and, ultimately, he was terminated by VSH based on his age.

26. As a direct result of the VSH's discrimination, Myers has suffered past and future lost wages and other financial harm.

27. Additionally, Myers has been caused to suffer personal injury, anxiety, emotional distress, personal and professional humiliation and embarrassment as a result of the VSH's actions.

### COUNT III:
### SECTION 1981 CLAIM

28. The allegations of paragraphs 1-27 are realleged as if fully set forth herein.

29. Under 42 U.S.C. § 1981, it is unlawful for a private employer to terminate an employee because he is black.

30. Here, VSH discriminated against Myers in violation of Section 1981 because it treated him less favorably than white employees and, ultimately, he was terminated by VSH because he was black.

31. As a direct result of the VSH's discrimination, Myers has suffered past and future lost wages and other financial harm.

32. Additionally, Myers has been caused to suffer personal injury, anxiety, emotional distress, personal and professional humiliation and embarrassment as a result of the VSH's actions.

33. Further, VSH's actions constitute gross, wanton, malicious, reckless, and/or intentional violations of Myers's rights, thus entitling him to punitive damages.

WHEREFORE, for all of the reasons stated above, W. Howard Myers respectfully and specifically requests that the Court:

A. Accept jurisdiction of this case.

B. Declare that Plaintiff has suffered acts of discrimination at the hands of VSH under Title VII, the ADEA, and Section 1981.

C. Award Plaintiff compensation for loss of salary and other benefits, including all fringe benefits, to which he would have been entitled had he not been discriminated against as to his employment. Such damages shall be in an amount in excess of two hundred fifty thousand dollars ($350,000), the exact amount to be determined at trial.

D. Award Plaintiff compensatory damages for the humiliation, damage to his reputation, mental and emotional distress, occupational losses, and pain and suffering that he has experienced and endured as a result of the unlawful actions of VSH. Such damages shall be in an amount in excess of one hundred fifty thousand dollars ($150,000), the exact amount to be determined at trial.

E. Award Plaintiff front pay and back pay in an amount in excess of one hundred fifty thousand dollars ($500,000), the exact amount to be determined at trial.

F. Award Plaintiff punitive damages in the amount of five hundred thousand dollars ($500,000).

F.   Grant Plaintiff liquidated damages against VSH. Such damages shall be in an amount no less than $350,000.00, the exact amount to be determined at trial.

G.   Award Plaintiff punitive damages against VSH

F.   Grant Plaintiff pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law.

G.   Grant Plaintiff his reasonable expenses, costs and attorneys' fees.

**A TRIAL BY JURY IS DEMANDED**

  Respectfully submitted,

  W. HOWARD MYERS

  By _____
    Of Counsel

Richard F. Hawkins, III (VSB #40666)
THE HAWKINS LAW FIRM, PC
2222 Monument Avenue
Richmond, Virginia 23220
(804) 308-3040 (telephone)
(804) 308-3132 (facsimile)
rhawkins@thehawkinslawfirm.net

  Counsel for Plaintiff

7