IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| W. HOWARD MYERS<br><br>        PLAINTIFF,<br><br>V.<br><br>VIRGINIA SUPPORTIVE HOUSING.<br><br>        DEFENDANT. | Case No. 3:16cv352 |

ANSWER

COMES NOW Virginia Supportive Housing ("VSH"), by counsel, to file this Answer in response to the Complaint filed by H. Howard Myers ("Myers").

1.      The allegations contained in the first sentence of Paragraph 1 of the Complaint constitute legal conclusions and need not be admitted or denied; to the extent a response is required, those allegations are denied. The allegations contained in the second sentence of Paragraph 1 of the Complaint are denied.

2.      The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions and need not be admitted or denied; to the extent a response is required, those allegations are denied.

3.      The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions and need not be admitted or denied; to the extent a response is required, VSH does not object to the Eastern District of Virginia as an appropriate venue.

4.      VSH is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of the Complaint; as such, those allegations are denied.

5.      VSH is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 5 of the Complaint; as such, those allegations are denied.

6.      VSH admits that it maintains offices at 5008 Monument Ave but the remaining allegations contained Paragraph 6 of the Complaint constitute legal conclusions and need not be admitted or denied; to the extent a response is required, those allegations are denied.

7.      VSH admits Myers worked for VSH, but it is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 7 of the Complaint; as such, those allegations are denied.

8.      VSH admits that Myers was terminated, but denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint are denied.

10.     The allegations contained in Paragraph 10 of the Complaint are denied.

11.     The allegations contained in Paragraph 11 of the Complaint are denied.

12.     The allegations contained in Paragraph 12 of the Complaint are denied.

13.     The allegations contained in Paragraph 13 of the Complaint are denied.

14.     VSH is without sufficient knowledge or information to either admit or deny the allegations contained Paragraph 14 of the Complaint; as such, those allegations are denied.

15.     The allegations contained in Paragraph 15 of the Complaint are admitted.

16.     Paragraph 16 of the Complaint does not require a response.

17.     The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions and need not be admitted or denied; to the extent a response is required, those allegations are denied.

18.     The allegations contained in Paragraph 18 of the Complaint constitute legal conclusions and need not be admitted or denied; to the extent a response is required, those allegations are denied.

19.     The allegations contained in Paragraph 19 of the Complaint are denied.

20.     The allegations contained in Paragraph 20 of the Complaint are denied.

21.     The allegations contained in Paragraph 21 of the Complaint are denied.

22.     Paragraph 22 of the Complaint does not require a response.

23.     The allegations contained in Paragraph 23 of the Complaint constitute legal conclusions and need not be admitted or denied; to the extent a response is required, those allegations are denied.

24.     The allegations contained in Paragraph 24 of the Complaint constitute legal conclusions and need not be admitted or denied; to the extent a response is required, those allegations are denied.

25.     The allegations contained in Paragraph 25 of the Complaint are denied.

26.     The allegations contained in Paragraph 26 of the Complaint are denied.

27.     The allegations contained in Paragraph 27 of the Complaint are denied.

28.     Paragraph 28 of the Complaint does not require a response.

29.     The allegations contained in Paragraph 29 of the Complaint constitute legal conclusions and need not be admitted or denied; to the extent a response is required, those allegations are denied.

30.     The allegations contained in Paragraph 30 of the Complaint are denied.

31.     The allegations contained in Paragraph 31 of the Complaint are denied.

32.     The allegations contained in Paragraph 32 of the Complaint are denied.

33.     The allegations contained in Paragraph 33 of the Complaint are denied.

34.     Each and every allegation contained in the Complaint, not specifically admitted herein, is denied.

35.     Myers has failed to state a claim as a matter of law and have otherwise failed to allege facts, in whole or in part, upon which relief may be granted.

36.     Myers is not entitled to the remedies and/or relief demanded in the Complaint.

37.     Myer's claims are barred in whole or in party by the applicable statutes of limitations. Further, with respect to Counts I and II, claims based on any actions, conduct or decisions which occurred more than 300 days prior to the filing of Myer's EEOC Charge are barred by limitations and by the failure to exhaust mandatory administrative prerequisites to suit.

38.     VSH has made good faith efforts to prevent discrimination, harassment and retaliation in the workplace and to comply with the law.

39.     All employment decisions regarding Myers was made for legitimate, non-discriminatory, non-retaliatory reasons and were undertaken in good faith. Pleading in the alternative, to the extent any of Myer's claims establish that an unlawful intent was a motivating factor in any

decision made regarding his employment, VSH would have made the same decision for other, legitimate, non-discriminatory, non-retaliatory reasons.

40. To the extent that any of Myer's claims extend beyond the scope of his EEOC Charge, such claims are barred because he has failed to exhaust mandatory administrative prerequisites.

41. Myer's claims are subject to offset by interim earnings from alternative employment and payments from collateral sources, including employment that Myers reasonably could or should have obtained.

42. All damages claimed by Myers, whether compensatory, punitive, actual, attorneys' fees or otherwise, are subject to all statutory, common law and constitutional caps, exclusions and limitations, including the damages caps under Title VII, the ADEA, and any other statute under which Myers seeks recovery.

43. The conduct about which Myers complains was not motivated by malice nor was it the result of reckless indifference to any protected rights; to the contrary, all employment actions affecting Myers were based upon legitimate, non-discriminatory, non-retaliatory business considerations, and were in good faith. Consequently, Myers is precluded from recovering punitive or liquidated damages.

44. To the extent that Myers failed to exercise due diligence in finding comparable employment or in otherwise mitigating claimed damages, if any, such claims are barred by the failure to mitigate defense.

45. Myer's claims are barred and/or recovery of damages is precluded because VSH exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or harassing

behavior.  *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 720, 765 (1998); *see also Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

46.     Myer's claims are barred and/or recovery of damages is precluded because VSH had in place a reasonably policy prohibiting the type of conduct complained of by Myers and Myers unreasonably failed to take advantage of Defendant's preventative or corrective opportunities to avoid harm otherwise.  *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 720, 765 (1998); *see also Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).  Additionally, and/or in the alternative, Myers took prompt and appropriate remedial action in response to any complaints made by Myers.

47.     VSH reserves the right to amend their Answer to assert affirmative defenses, withdraw defenses asserted herein, and/or assert counterclaims, once the claims and facts of the Complaint are more fully disclosed and/or articulated during the course of this litigation.

**WHEREFORE**, VSH having fully answered each and every allegation contained in the Complaint, respectfully requests that this action be dismissed in its entirety, with prejudice, that VSH be awarded all costs and fees to which it may be entitled, and any other further relief as the Court may deem just and proper.

Dated:  July 11, 2016.

Virginia Supportive Housing

By:_____
                                                    Counsel

Kevin D. Holden, Esq. (VSB#30840)
Jackson Lewis LLP
701 E. Byrd Street, 17th Floor

Richmond, Virginia 23219
Tel: 804.649.0404
Fax: 804.649.0403
Kevin.Holden@JacksonLewis.com

*Counsel for Virginia Supportive Housing*


CERTIFICATE OF SERVICE

I certify that on this day, July 11, 2016, a true copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system, which shall provide service to the counsel listed below:

Richard F. Hawkins, III (VSB #40666)
The Howkins Law Firm, PC
2222 Monument Avenue
Richmond, VA 23220
Tel:  (804) 308-3040
Fax:  (804) 308-3132
rhawkins@thehawkinslawfirm.net

Counsel for Plaintiff


                                                    /s/
                                        Kevin D. Holden, Esq. (VSB#30840)
                                        Jackson Lewis P.C.
                                        1021 E. Cary Street
                                        Suite 1200
                                        Richmond, Virginia 23219
                                        Tel:  804.649.0404
                                        Fax:  804.649.0403
                                        Kevin.Holden@JacksonLewis.com

                                        *Counsel for Virginia Supportive Housing*